Harvinder KAUR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–72354.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Richard E. Oriakhi, Esquire, Roman & Singh, LLP, Fremont, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert G. Thomson, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Harvinder Kaur, native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), we deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely where the motion was filed 30 months after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Kaur failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales,* 501 F.3d 1128, 1133 (9th Cir.2007); *Toufighi v. Mukasey,* 510 F.3d 1059, 1066–67 (9th Cir.2007) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

Furthermore, we decline to reconsider Kaur's challenge to the immigration judge's adverse credibility determination because her contentions have already been considered and rejected by this court. *See Kaur v. Gonzales,* 146 Fed.Appx. 925 (9th Cir.2005); *see also Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir.1991) (explaining that under the 'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

